IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LORETTA SHEPARD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:13-cv-442 (MTT) (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Loretta Shepard's application for benefits. Because the ALJ failed to address important medical findings, it is **RECOMMENDED** that Plaintiff's case be **REMANDED** to the Commissioner pursuant to "sentence four" of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff applied for Title XVI benefits in March 2010. (R. 124). She claimed, at her January 2012 administrative hearing, to suffer from bipolar disorder, fibromyalgia, degenerative disc disease, and bursitis in both of her knees. (R. 79). Plaintiff's application was denied initially, (R. 92), on reconsideration, (R. 93), and by a reviewing administrative law judge ("ALJ"), (R. 51–61), and then in September 2013 the Appeals Council denied review in Plaintiff's case. (R. 1–4). Plaintiff now seeks review before this Court, arguing that the ALJ failed to consider important medical findings made by Dr. Brenard Francis and Dr. Darrell Murray, and also that the ALJ failed to consider third-party function reports submitted by Plaintiff's sister and daughter. Because the record indicates that the ALJ either overlooked or ignored important

1

findings made by Dr. Francis and Dr. Murray, both consultative examiners, and because this Court cannot itself weigh Dr. Francis's and Dr. Murray's findings, it is recommended that Plaintiff's case be remanded to the Commissioner for a reevaluation of the evidence.

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

## EVALUATION OF DISAIBLITY

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC")

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v)).

## DISABILITY EVALUATION IN THIS CASE

Following the five-step sequential evaluation process, the reviewing ALJ made the following findings in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2010, her application date. (R. 13). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "knee pain, rule out bipolar disorder, mood disorder, and a history of polysubstance abuse." (R. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the severity of one of the listed impairments. (R. 15). Therefore, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform:

> [L]ight work . . . except that she can stand and walk for one hour at a time and then change positions for five minutes. She will need to avoid heights, hazards, and climbing ladders, ropes, and scaffolds. She should avoid climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling no more than occasionally. She can perform simple, repetitive non-detailed tasks; avoiding ongoing interaction with the general public; where coworker contact is casual and superficial; and where changes in the workplace are infrequent and gradually introduced.

(R. 16)

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (R. 19). At step five, though, the ALJ determined that Plaintiff could perform the

requirements of representative occupations such as "mailroom clerk," "small parts assembler," and "bottling line attendant." (R. 20). Based on this step-five finding, the ALJ found that Plaintiff was not "disabled" within the meaning of the Social Security Act.

## ANALYSIS

Plaintiff primarily argues that the ALJ did not adequately consider important medical findings made by Dr. Brenard Francis and Dr. Darrell Murray, both consultative examiners.[1] As discussed below, the record supports Plaintiff's argument, and as a result, it is recommended that Plaintiff's case be remanded to the Commissioner.

**(a) Dr. Francis**

With regard to Dr. Francis, the ALJ appears to have mischaracterized Dr. Francis's findings by picking and choosing to include in her opinion only those findings by Dr. Francis that were most favorable to the ALJ's decision. For example, Dr. Francis reported mixed findings in his August 2010 examination report, finding specifically that Plaintiff both "ha[d] the ability to understand and remember simple instructions" and had "concentration . . . adequate for basic work-related functions," but also that Plaintiff "may have [had] difficulty maintaining appropriate social interactions," and that Plaintiff would "likely have [had] difficulty adhering to a typical schedule and maintaining an adequate pace in a work setting due to her varying moods." (R. 295). At least some these findings—related to social interaction and pace of work — supported Plaintiff's claim for disability. *See, e.g.*, *Derrico v. Comm'r*, 2011 WL 1157690 at *16–24 (N.D.Ga. 2011).

---

[1] Plaintiff also argued that the ALJ did not expressly consider third-party function reports submitted by Plaintiff's sister and daughter, but those third-party reports provided only information cumulative to that which Plaintiff provided in her own functional report. As a result, even if the ALJ technically erred in failing to specifically address the third-party function reports, the ALJ's error was harmless. *See De Olazabal v. Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014).

In assessing Dr. Francis's opinion, however, the ALJ recounted only those findings by Dr. Francis that supported the ALJ's decision. In full, the ALJ stated:

> A consultative psychological evaluation was performed by Dr. Francis in August 2010. The claimant maintained that she was not under the care of a mental health professional. She disclosed that she was a recovering methamphetamine addict and last used in February 2010. She stated [that she was] able to perform daily physical hygiene responsibilities independently, cook[,] perform household cleaning chores, and launder clothes. She reported driving regularly, but not gardening, scrapbooking, and spending time with her granddaughter. She was okay and no longer requires medication to effectively manage her mood.[2] Dysthymic disorder was assessed and she had the ability to understand and remember simple instructions. Her concentration was adequate for basic work related functions.

(R. 14)

In other words, while the ALJ recounted Dr. Francis's findings regarding Plaintiff's ability to concentrate and to follow simple instructions—the findings that support the ALJ's conclusion that Plaintiff is "not disabled"—the ALJ did not recount Dr. Francis's social-interaction and pace-of-work findings—the findings that support Plaintiff's claim for disability.

It is possible that the ALJ adequately considered Dr. Francis's opinion in its entirety without addressing all of Dr. Francis's findings in the text of her opinion. Because the ALJ did not individually weigh Dr. Francis's opinion, however, and because the ALJ's opinion provides no basis for her decision to reject Dr. Francis's findings related to social interaction and pace of work, this Court could not meaningfully review the ALJ's opinion without itself weighing evidence, something the Court is not permitted to do.

---

[2] *Cf.* (Doc. 291) ("Ms. Shepard shared that she is currently taking prescription medication for her psychological conditions. She stated she is currently taking 100 mg of Sertraline [Hydrochloride] once a day for depression, 200 mg of Epitol twice a day to stabilize her mood, and 1 mg of Lorazepam to help her "nerves" and her inability to sleep").

Moreover, Dr. Francis's findings are not so insignificant that the ALJ's error can be dismissed as "harmless." The ALJ expressly found that Plaintiff had "moderate difficulties" in concentration, persistence, and pace, (R. 16), but despite testimony from a vocational expert indicating that an individual who was "unable to adhere to a typical schedule and [to] maintain adequate pace in a work setting" would be unable to work, (R. 90), the ALJ did not explain why Plaintiff was nonetheless "not disabled."[3]

In summary, because this Court cannot itself weigh evidence, and because meaningful judicial review is not possible given the ALJ's apparent failure to consider Dr. Francis's opinion in its entirety, Plaintiff's case must be remanded to the Commissioner.

**(b) Dr. Murray**

The ALJ also erred in her assessment of Dr. Darrell Murray's opinion. Dr. Murray found, in a November 2010 consultative physical examination report, that Plaintiff could sit up to 8 hours and could "stand walk" up to 2 hours due to right knee pain. (R. 504, 508). While the ALJ recounted these findings, (R. 17), it is not clear from the ALJ's opinion whether the ALJ (1) discounted Dr. Murray's findings; or (2) purported to account for Dr. Murray's findings in her RFC. The ALJ's treatment of Dr. Murray's opinion reads (R. 17):

> At the consultative examination, Dr. Murray noted the claimant . . . could sit up to eight hours and stand/walk up to two hours. She should be able to bend, but on occasion ha[s] mild limitations when she does kneel, crawl, stoop, and crouch. There were no limitations to lifting, reaching, handling, feeling, grasping, pushing, or pulling. She needed no assistive devices and had no environmental limitations. Said assessment is somewhat consistent with the objective and clinical evidence of record, giving it some weight (Exhibit 26F).

---

[3] *See Winschel v. Comm'r*, 631 F.3d 1176, 1179–81 (11th Cir. 2011) ("[T]he ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical").

Insofar as the ALJ believed she was accounting for Dr. Murray's findings in her RFC, it is not clear that limiting Plaintiff to "stand[ing] and walk[ing] for one hour . . . and then chang[ing] positions for five minutes," (R. 16), is congruous with Dr. Murray's proposed two-hour standing and walking limitation.

Insofar as the ALJ discounted Dr. Murray's opinion, the ALJ failed to articulate grounds specific enough to permit meaningful judicial review. Although the ALJ assigned it only "some weight" (R. 17), the stated basis for discounting Dr. Murray's opinion is too broad to permit meaningful judicial review. Although it is true, as the Commissioner notes, that the opinions of consultative examiners are not presumptively entitled substantial or considerable weight, (Doc. 14, p. 11), it is also true that ALJs are required to "state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also Crumpton v. Colvin*, 2014 WL 4639892 at *1 (M.D.Ga. 2014). The ALJ's report states only that Dr. Murray's opinion as a whole was "somewhat consistent with the objective and clinical evidence of record." (R. 17). This broad statement fails to specify where and how Dr. Murray's opinion conflicts with objective and clinical evidence. On remand, therefore, the Commissioner should either account for Dr. Murray's findings or should explain, with supporting citations to the record, why Dr. Murray's findings should be rejected.

## CONCLUSION

Because the record in this case indicates that the ALJ failed to address important medical findings made by Dr. Francis and Dr. Murray, and because there is no basis in this case for the Court to conclude that the ALJ's error was "harmless," it is **RECOMMENDED** that Plaintiff's case be **REMANDED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned

<u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. Failure to object may result in waiver. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 22nd day of January, 2015.

s/ Charles H. Weigle_____  
Charles H. Weigle  
United States Magistrate Judge